IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DR. JANINE CHARBONEAU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:13-CV-678-ALM-CAN |
| | § | |
| TERRY BOX, ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant SPCA of Texas's 12(b)(6) Motion to Dismiss and Brief in Support [Dkt. 39]. The Court, having considered the Motion, and all other relevant filings, finds that Defendant's Motion should be granted.

**BACKGROUND**

Plaintiff's claims in this litigation generally arise out of events occurring on or about November of 2011, in which Plaintiff contends various law enforcement officials from Collin County and the City of Lucas arrived on her mother's property located at 2120 Estates Parkway, Lucas, Texas 75002 (the "Property"), after receiving an anonymous phone call concerning possible animal cruelty involving horses [Dkt. 38]. S*ee also Janine Joyce Charboneau v. State of Texas*, No. 05-13-00340-CR, 2014 WL 7476392, at *1 (Tex. App. – Dallas Dec. 30, 2014). Law enforcement officials obtained a warrant to enter the shed located on the Property, and ultimately seized 48 dogs from the shed and/or residence. *Id*. Plaintiff was arrested and charged with cruelty to non-livestock animals by "intentionally, knowingly, or recklessly fail[ing] unreasonably to provide necessary food or water or care or shelter for an animal, to-wit: dogs in [her] custody…" *Id*. at *2. Following a trial, Plaintiff was convicted and a jury assessed

REPORT AND RECOMMENDATION – Page 1

punishment at 365 days' confinement and a $2000 fine. *Id*. The jury recommended that the sentence be suspended, and the trial court placed Plaintiff on community supervision for 24 months and assessed 10 days' confinement in jail among other conditions. *Id*. Plaintiff appealed and her conviction was affirmed by the Fifth District Court of Appeals in Dallas, Texas. *Id*. There was no further appeal of the conviction and affirmance, so on March 11, 2015, the Fifth District Court of Appeals issued its Mandate.

Plaintiff filed this action on November 18, 2014, prior to the Fifth District Court of Appeals' affirmance of her conviction, asserting causes of action for (1) violations of her Fifth and Fourteenth Amendment rights arising under 42 U.S.C. § 1983; (2) 42 U.S.C. § 1985(3) ("Conspiracy to interfere with civil rights"); (3) abuse of process; (4) disability discrimination arising under the Americans with Disabilities Act ("ADA"); and (5) conversion against approximately fifty-seven (57) Defendants purportedly involved in the seizure and retention of her animals and/or the cleaning and removal of certain personal items from the Property [Dkt. 1; Dkt. 38]. On January 7, 2014, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis*, but ordered the issue of service of the various defendants to be determined at a later date [Dkt. 6]. In addition, the Court stayed the case awaiting the outcome of Plaintiff's then-pending state court appeal [Dkt. 7]. During the pendency of the stay, on April 25, 2014, Plaintiff filed an identical second lawsuit in the Eastern District of Texas – Marshall Division, asserting the same factual allegations and causes of action against the same defendants. *See J.J. Charboneau v. Davis*, et al., No. 4:14-cv-385, Dkt. 1 (E.D. Tex. Apr. 25, 2014. That case was later consolidated with the instant litigation and also stayed [Dkt. 16]. On April 17, 2015, certain Defendants filed a Motion to Lift Stay and Notice of Finality of Criminal Conviction of the Plaintiff notifying the Court that Plaintiff's conviction was final as of March 11, 2015 [Dkt. 35].

Accordingly, on April 24, 2015, the Court lifted the stay and ordered Plaintiff to file an Amended Complaint [Dkt. 37]. On May 26, 2015, Plaintiff filed an Amended Complaint, which is the live pleading in this action [Dkt. 38].

On June 16, 2015, Defendant SPCA of Texas filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Dkt. 39]. To date, Plaintiff has not filed a response.

## LEGAL STANDARD

Defendant moves to dismiss based on Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of Defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement… showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

The Court must accept as true all well-pleaded facts contained in Plaintiff's Complaint and view them in the light most favorable to Plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). The Supreme Court has further expounded upon the *Twombly* standard, "explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id*.

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 681. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Furthermore, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

**ANALYSIS**

Defendant moves to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). As a general matter, Plaintiff alleges claims against the SPCA for (1) violations of her Fifth and Fourteenth Amendment rights arising under 42 U.S.C. § 1983; (2) 42 U.S.C. § 1985(3) ("Conspiracy to interfere with civil rights"); (3) abuse of process;

(4) disability discrimination arising under the Americans with Disabilities Act ("ADA"); and (5) conversion [*see generally* Dkt. 38]. Defendant SPCA contends that Plaintiff's Amended Complaint is insufficient to state a plausible claim against it because Plaintiff has failed to (1) allege a cause of action or factual allegations about the SPCA; and (2) Plaintiff's allegations cannot survive the pleading standards set forth by Federal Rule of Civil Procedure 8 [Dkt. 39 at 3-4].

As an initial matter, Plaintiff failed to file a response to Defendant's pending Motion to Dismiss [Dkt. 39]. Defendant's motion was filed on June 16, 2015, and to date Plaintiff has not responded in any way. Local Rule CV-7(d) provides as follows:

> **Response and Briefing.** The response and any briefing shall be contained in one document. A party opposing a motion shall file the response, any briefing and supporting documents within the time period prescribed by Subsection (e) of this rule. A response shall be accompanied by a proposed order conforming to the requirements of Subsection (a) of this rule. Briefing shall contain a concise statement of the reasons in opposition to the motion and a citation of authorities upon which the party relies. **In the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition.** (Emphasis added).

Since Plaintiff has not filed a response, the Court will assume that she is not opposed to the Court's granting Defendant's Motion to Dismiss. *See* EASTERN DISTRICT OF TEXAS LOCAL RULE CV-7(d). Accordingly, the Court recommends Defendant SPCA's Motion to Dismiss [Dkt. 39] be granted.

Furthermore, the Court agrees with Defendant's assertion that Plaintiff's claims against the SPCA should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), the Court must dismiss a cause of action when a plaintiff "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient.

*Iqbal*, 556 U.S. at 678. Indeed, "factual allegations must be enough to raise a right to relief above the speculative level [] on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. Notably, the Fifth Circuit has held that Plaintiff's pro se status does not excuse her from complying with the appropriate pleading standards:

> Pro se pleadings are held to less stringent standard than formal pleadings drafted by lawyers. However, even if a plaintiff is proceeding pro se, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.

*Amos v. Palmetto Gov't Benefit Adm'r,* 122 F. App'x 105, 109 (5th Cir. 2005) (internal citations and quotations omitted). Specifically, when a plaintiff has "put forward no concrete allegations whatsoever against [a defendant]," and "pled no facts that could possibly indicate that [a defendant] may be liable… [the plaintiff's] allegations provide no basis for relief." *Id.* at 112-13. Under those circumstances, dismissal of the claims is proper. *Id.*

Plaintiff's allegations against the SPCA of Texas are insufficient to state a plausible claim for relief. Indeed, the entirety of Plaintiff's factual allegations against the SPCA of Texas are as follows: "SPCA of Texas has already answered 8411 Stacy Road/FM 720 McKinney, TX 75070; Phone Number: 214-742-SPCA (7722), Fax: 214-461-1801" [Dkt. 38 at 5]. This is the only mention of the SPCA in Plaintiff's entire Amended Complaint, which is fifty-nine (59) pages in length. Such sparse allegations are simply not sufficient to demonstrate Plaintiff has plausibly stated a claim for relief, despite multiple attempts to do so [Dkt. 1; Dkt. 38; *see also Charboneau v. Davis*, No. 4:14-cv-385, Dkt. 1]. Plaintiff's various pleadings provide nothing more than merely naming the Defendant SPCA, and, and do not state any basis whatsoever for how the SPCA of Texas's conduct amount to a violation of any of the elements of any claims asserted by Plaintiff. An "unadorned, the-defendant-unlawfully-harmed-me accusation" is

insufficient under Federal Rule of Civil Procedure 8. *Amos*, 122 F. App'x at 109. Here, Plaintiff's allegation against the SPCA does not even amount to that. Plaintiff's failure cannot be saved by her pro se status. For the foregoing reasons, the Court finds Defendant's Motion should be granted, and recommends Plaintiff's claims against Defendant be dismissed for failure to state a claim.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that Defendant SPCA of Texas's 12(b)(6) Motion to Dismiss and Brief in Support [Dkt. 39] be **GRANTED**, and Plaintiff's claims against the SPCA of Texas be dismissed in their entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 5th day of February, 2016.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE